843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Mann JEFFERSON, Defendant-Appellant.
 No. 87-5054.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 7, 1988.
Decided: April 7, 1988.
 
 Christopher M. Hopkins (Brown, Hopkins & Stambaugh on brief), for appellant.
 Liam O'Grady, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Tyrone Mann Jefferson appeals his conviction for the November 6, 1986 armed robbery of the Wilson Boulevard branch of Continental Federal Savings Bank in Arlington, Virginia. Although Jefferson concedes that his conviction was supported by sufficient evidence, he argues that the district court committed reversible error by failing to include three requested jury instructions and by providing an inadequate instruction on the definition of reasonable doubt. The government maintains that Jefferson's three requested jury instructions were substantially covered by the district court's charge, and that the instruction defining reasonable doubt was proper. We affirm.
 
 
 2
 At trial, the government presented three bank tellers who positively identified Jefferson as the armed man who robbed the Continental Federal Savings Bank branch on November 6, 1986. Jefferson did not present any evidence in his defense. At the close of the evidence, Jefferson submitted twelve proposed jury instructions, all drawn from 1 L. Sand, J. Siffert, S. Reiss, J. Sexton & J. Thrope, Modern Federal Jury Instructions (1987). The trial court refused to give Jefferson's requested instructions 2-5 (the government as a party), 2-11 (improper considerations: race, religion, national origin, sex or age), and 4-3 (number of witnesses and uncontradicted testimony).[1] Moreover, the court gave an instruction defining reasonable doubt which Jefferson considered prejudicial. However, Jefferson did not object to the court's instructions at trial. The jury subsequently found Jefferson guilty of armed robbery.
 
 
 3
 Rule 30 of the Federal Rules of Criminal Procedure, dealing with jury instructions, provides in pertinent part:
 
 
 4
 No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objections.
 
 
 5
 Rule 30 must be read in conjunction with Rule 52(b), which allows appeal of "plain errors or defects affecting substantial rights" which were not raised at trial. United States v. Graydon, 429 F.2d 120, 123 (4th Cir.1970). Since Jefferson concedes that sufficient evidence existed to support his conviction, the Court has serious doubt that he raises a trial error which affects his substantial rights, but will address the merits of Jefferson's appeal despite his failure to object to the district court's jury instructions at trial.
 
 
 6
 A trial court's refusal to provide a requested instruction constitutes reversible error only if the instruction is substantively correct, is not otherwise covered in the court's charge to the jury, and the defendant's ability to present an effective defense is seriously impaired by its omission. United States v. Walker, 720 F.2d 1527, 1541 (11th Cir.1983), cert. denied sub nom. Gustin v. United States, 104 S.Ct. 1614 (1984).
 
 
 7
 Jefferson argues that instruction 2-5, which provides that the government is entitled to no greater or less consideration than any other party, was particularly necessary in this case since he is poor and black. However, the court did instruct the jury to perform its duty "without bias or prejudice as to any party," app. at 2, which incorporates the opening sentence of instruction 2-5. In addition, the court repeatedly instructed the jury that the government had the burden of proving Jefferson's guilt beyond a reasonable doubt. App. at 6, 10, 12. Thus, the court's instruction adequately covered Jefferson's instruction 2-5.
 
 
 8
 Jefferson also contends that the court should have included instruction 2-11, which prohibits the jury from considering defendant's race. However, this case did not present an issue of racial bias and no racial overtones were noticed at trial. Furthermore, the court prohibited jurors from being "governed by sympathy, prejudice or public opinion" and instructed them to "carefully and impartially consider all the evidence." App. at 2, 3. Accordingly, the court's charge incorporated Jefferson's instruction 2-11.
 
 
 9
 Since Jefferson did not offer any evidence in his defense, he requested the court to read instruction 4-3, which discourages the jury from being influenced by the number of witnesses each side calls and directs the jury only to accept the testimony of witnesses it finds credible. The court incorporated this request in its instructions by informing the jury that the government carried the burden of proving "beyond a reasonable doubt every essential element of the crime charged," and that the defendant did not have "the burden or duty of calling any witnesses or producing any evidence." App. at 6. The court also instructed the jury that the defendant was "presumed to be innocent," that he was not required to prove his innocence, that he had an "absolute right not to testify," and that the jury could not "draw a presumption of guilt or any implication against him because he did not testify." App. at 12, 13. Finally, the court directed the jury to "carefully scrutinize all the testimony given" to determine whether it was "worthy of belief." App. at 3. Once again, the court's instruction adequately covered Jefferson's interests.
 
 
 10
 Finally, Jefferson contends that the district court's instruction defining reasonable doubt was flawed because it did not provide a balanced interpretation of the legal term. The court instructed the jury as follows:
 
 
 11
 The law does not require absolute certainty or proof beyond all possibility of mistake. It does require however proof beyond a reasonable doubt and a reasonable doubt is a doubt based on reason. It must not be a speculative doubt.
 
 
 12
 Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her other affairs.
 
 
 13
 App. at 12. We have previously admonished district courts not to define reasonable doubt in jury instructions, and we restate that admonition at this time. However, reversal is not required where, as here, the definition is not confusing or misleading, and the error is harmless.
 
 
 14
 AFFIRMED.